IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAYMOND C. ADAIR,<br>#32450-045, | § | |
| | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:24-cv-3257-E (BT) |
| | § | |
| DR. SCARLET GRANT, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Raymond C. Adair's *pro so* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Adair argues that he did not receive credit for the period of incarceration prior to his federal sentencing between May 16, 2017, and September 16, 2018. Pet. (ECF No. 3). He seeks jail time credit for that time. *Id.* But Adair—who was in Bureau of Prisons (BOP) custody when he filed his petition—has been released from federal custody, and this Court can no longer award him any effectual relief. *See* Gov. Notice of Mootness (ECF No. 13). Accordingly, his petition is moot, and the District Judge should dismiss this action without prejudice for lack of subject matter jurisdiction.

**Legal Standards and Analysis**

Under Article III of the Constitution, federal courts may adjudicate only "actual, ongoing cases or controversies." *Deakins v. Monaghan,* 484 U.S. 193, 199

1

(1988); *Alwan v. Ashcroft*, 388 F.3d 507, 511 (5th Cir. 2004). "An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (citations omitted). A case is moot when the court can no longer grant any effectual relief. *Motient Corp. v. Dondero*, 529 F.3d 532, 537 (5th Cir. 2008). "Mootness deprives a court of jurisdiction." *Foster v. NFN Warden, Federal Detention Center, Seagoville*, 31 F.4th 351, 35 (5th Cir. 2024). The Court is obliged to raise the issue of mootness sua sponte because it is jurisdictional. *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987).

Here, Adair seeks credit toward his federal sentence for time served before his federal sentencing. Pet. at 8. But Adair has been released from federal custody. *See* Gov. Notice of Mootness. Therefore, the Court cannot award him any effectual relief because there is no federal sentence to credit his time to, and this case is now moot. *See*, *e.g.*, *Santos v. United States*, 2024 WL 5399659, at *1 (E.D. Tex. Oct. 22, 2024) ("[Petitioner's] release from custody renders his habeas petition seeking time credits against his sentence moot.") (citing *Bailey*, 821 F.2d at 278; *Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021)), *rec. accepted* 2025 WL 452601 (E.D. Tex. Feb. 10, 2025); *see also United States v. Muhammad*, 2024 WL 499520, at *1 (E.D. Mich. Feb. 8, 2024) ("Here, Defendant has been released from BOP custody, rendering his claim for sentencing credit moot.").

2

Adair argues that this case is not moot because the sentencing credits he seeks could be applied towards his supervised release term. *See* Reply (ECF No. 14). The Court cannot agree. Excess prison time served cannot be credited to reduce a supervised release term. *United States v. Johnson*, 529 U.S. 53, 59 (2000); *see also Conrad v. Fox*, 2007 WL 3390344, at \*2 (E.D. Tex. Nov. 14, 2007) ("A term of supervised release cannot be reduced by reasons of excess time served in prison.") (citation modified) (citing *DeFoy v. McCullough*, 393 F.3d 439, 442 n.3 (3d Cir. 2005)).

Because Adair has been released from BOP custody, his § 2241 petition seeking credit for time in custody before federal sentencing is moot and should be dismissed.

## Recommendation

The District Judge should **DISMISS** Adair's 28 U.S.C. § 2241 habeas petition without prejudice for lack of subject matter jurisdiction and close this case.

**SO RECOMMENDED**.

Signed May 26, 2026.

 

_____
HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).